UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN DIXON and GLORIA DIXON, et al.,

         Plaintiffs,

  - against-

NEW YORK CENTRAL MUTUAL FIRE
INSURANCE COMPANY,

         Defendant.
-----------------------------------------------------------X

**OPINION AND ORDER**
**13 CV 6000 (SJF)(AKT)**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 2 5 2013 ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

  On October 29, 2013, eight (8) plaintiffs commenced this action against defendant New York Central Mutual Fire Insurance Company ("defendant") pursuant to, *inter alia*, the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*, each seeking to recover his or her actual damages resulting from defendant's purported breach of contract, i.e., its failure to pay the full amount of each plaintiff's respective claims under an insurance policy issued to him or her by defendant. For the reasons set forth below, the claims of all plaintiffs except the first-named plaintiff(s), John Dixon and Gloria Dixon (collectively, "Dixon"), are *sua sponte* severed from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

I. Background

  A. Factual Background

  The complaint alleges, *inter alia*: (1) that defendant is a "Write Your Own" insurance carrier participating in the National Flood Insurance Program pursuant to the NFIA, (Complaint

1

["Compl."], ¶ 3); (2) that defendant issued an insurance policy to each plaintiff covering losses to his or her property and contents "against physical damage by or from flood," (Compl., ¶¶ 4, 9); (3) that each plaintiff paid all of the premiums on his or her policy, (Compl., ¶ 10); (4) that as a result of "Superstorm Sandy" ("the Storm"), each plaintiff's insured property and contents were damaged "by and from flood," (Compl., ¶¶ 11, 12); (5) that each plaintiff reported and properly submitted a claim under his or her policy to defendant, (Compl., ¶ 13); (6) that defendant "wrongfully denied or unfairly limited payment on the claims of each Plaintiff," (Compl., ¶ 14); (7) that each plaintiff retained an independent expert to evaluate the damages to his or her property and contents, (Compl., ¶ 15); and (8) that the independent expert of each plaintiff determined that "the flood event critically damaged [that plaintiff's] covered propert[y]," id.

B. Procedural History

On October 29, 2013, eight (8) plaintiffs commenced this action against defendant pursuant to, *inter alia*, the NFIA. The complaint asserts one (1) claim for relief for breach of contract, with each plaintiff seeking to recover the actual damages he or she sustained as a result of defendant's denial and/or limitation of his or her claims under his or her respective insurance policy. (Compl., ¶¶ 16-21).

II. Discussion

A. Permissive Joinder of Plaintiffs

Rule 20(a)(1) of the Federal Rules of Civil Procedure permits the joinder of multiple plaintiffs in an action if:

> "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

In determining whether claims relate to, or arise out of, the same "transaction" or "occurrence" under Rule 20(a), "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Kalie v. Bank of America Corp., — F.R.D.—, 2013 WL 4044951, at * 3 (S.D.N.Y. Aug. 9, 2013) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)); see also Abraham v. American Home Mortgage Servicing, Inc., — F. Supp. 2d —, 2013 WL 2285205, at * 3 (E.D.N.Y. May 23, 2013) (Rule (20)(a)(1)); Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) (Rule 20(a)(2)); Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 166 (S.D.N.Y. 2009) (Rule 20(a)(2)); Barnhart v. Town of Parma, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (Rule 20(a)(1)). Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). Kalie, —F.R.D.—, 2013 WL 4044951, at *5; Deskovic, 673 F. Supp. 2d at 159.

Plaintiffs' claims in this case are not properly joined pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Indeed, judicial economy and fairness dictate that plaintiffs' claims under each distinct insurance policy issued by defendant be tried separately. In order for a plaintiff's right to relief to relate to, or arise out of, a transaction or occurrence for purposes of Rule 20(a), the "transaction" or "occurrence" must relate to the contract purportedly breached by defendant, i.e., the insurance policy. The eight (8) plaintiffs herein separately purchased, and were issued, four (4) distinct insurance policies from defendant at different times; each of those four (4) insurance policies relates to a separate and distinct property; each plaintiff separately

performed his or her own obligations under his or her respective insurance policy, e.g., paid the premiums and submitted claims thereunder; and each plaintiff seeks to recover his or her actual damages as a result of defendant's purported breach of his or her respective insurance policy, i.e., either defendant's outright denial of his or her claims or its failure to pay the entire amounts claimed by him or her. The fact that plaintiffs' separate properties, for which they made distinct claims under the separate insurance policies issued to them by defendant, all sustained damage as a result of the same storm is immaterial for purposes of Rule 20(a) of the Federal Rules of Civil Procedure, i.e., each plaintiff's right to relief under his or her respective insurance policy issued by defendant is not affected by the fact that the flood which allegedly damaged his or her property may have been occasioned by the Storm. Moreover, defendant will likely have different justifications for denying and/or limiting each plaintiff's claims. Since the four (4) insurance policies upon which plaintiffs claim a right to relief do not relate to, or arise out of, the "same transaction, occurrence, or series of transaction or occurrences," plaintiffs are not properly joined in this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

B.  Misjoinder

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Thus, "[i]f a court concludes that [parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties * * * from the action." Kalie, — F.R.D.—, 2013 WL 4044951, at * 3 (quoting Deskovic, 673 F.Supp.2d at 159-60); see also Adams v. US Bank, NA, No. 12 CV

4640, 2013 WL 5437060, at * 4 (E.D.N.Y. Sept. 27, 2013).

In determining whether to sever parties improperly joined under Rule 20(a), courts generally consider, in addition to the factors set forth in Rule 20(a), "whether settlement of the claims or judicial economy would be facilitated; [] whether prejudice would be avoided if severance were granted; and [] whether different witnesses and documentary proof are required for the separate claims." Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of litigation.'" Crown Cork, 288 F.R.D. at 332 (quoting T.S.I. 27, Inc. v. Berman Enters., Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); see also In re Ski Train Fire in Kaprun, Austria, on November 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Joinder of the claims of eight (8) plaintiffs involving four (4) separate insurance policies does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and each plaintiff's breach of contract claim will require distinct witnesses and documentary proof. "The interest in economy is affirmatively disserved by forcing these many parties to attend a common trial at which these separate, unrelated claims * * * would be resolved." Kalie, — F.R.D.— , 2013 WL 4044951, at * 6. Furthermore, settlement of the claims is likely to be facilitated if the claims relating to four (4) separate insurance policies are litigated separately. See Adams, 2013 WL 5437060, at * 4. In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice [the] defendant[]." Kalie, — F.R.D.—, 2013 WL 4044951, at * 6 (quotations and citation omitted). Accordingly, all claims by plaintiffs other than Dixon are *sua*

5

*sponte* severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

III. Conclusion

For the reasons stated herein, all claims by plaintiffs other than Dixon are *sua sponte* severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

SO ORDERED.

                                            s/ Sandra J. Feuerstein

                                            SANDRA J. FEUERSTEIN
                                            United States District Judge

Dated: November 25, 2013
        Central Islip, N.Y.